# ASSIGNMENT AGREEMENT

This **ASSIGNMENT AGREEMENT** (this "Agreement"), is entered into as of October 16, 2019, between **Crossroads Financing, LLC,** a Connecticut limited liability company with an address at 6001 Broken Sound Pkwy Suite 620, Boca Raton, FL 33487 ("Assignor"), and **Crossroads Financial Group, LLC** a North Carolina limited liability company with an address at 11220 Elm Lane, Suite 200, Charlotte, NC 28277 ("Assignee").

## RECITALS

**WHEREAS**, Assignor and Home Décor Liquidators, LLC (Name of Borrower), a Georgia limited liability company ("Borrower"), are parties to the documents set forth on Exhibit A attached hereto (the "Documents") pursuant to which the Assignor has made loans and provided certain other financial accommodations to Borrower (the "Loan") secured by certain assets of the Borrower (the "Collateral").

**WHEREAS**, Assignor has agreed that it will sell and assign all of its right, title and interest in and to the Loan, the Collateral and the Documents and the rights and obligations evidenced therein (collectively the "Obligation") to Assignee in consideration of the payment of the unpaid balance due thereunder from Borrower to Assignor.

**WHEREAS**, the unpaid balance of the Obligation is $10.00 as of the date hereof.

NOW, THEREFORE, the parties agree as follows:

1. **Assignment.** For value received, Assignor hereby assigns to Assignee, all Assignor's right, title and interest in and to the Loan, the Collateral and the Documents, the Obligation, and the other obligations of the Borrower to Assignor and the other rights of the Assignor as more fully set forth in the Loan and Security Agreement between Borrower and Lender dated as of October ___, 2019, as amended from time to time (the "Loan Agreement"), and all Collateral and guarantees relating thereto (collectively the "Assigned Property"), as is currently owned by Assignor. Assignor agrees to execute all other documents as may be requested by Assignee from time to time in connection with the sale and assignment of the Assigned Property and to cooperate with the Assignee in transferring all deposit accounts and other Collateral.

2. **Without Recourse Assignment; Covenants, Representations and Warranties.**

2.1. This Assignment is without recourse and without warranties or representations, expressed or implied, except that Assignor warrants and represents that:

2.2. The Assigned Property is assigned free and clear of any liens, encumbrances or claims of any person or entity;

2.2.1. The Obligation is secured by the security interest in the Collateral created by the Documents and perfected by the filing of the UCC-1(s) listed on Exhibit B (the "UCC Filings").

2.2.2. The unpaid balance of the Obligation set forth herein is true and correct.

#57000391_v2

2.2.3. Upon consummation of this Assignment, the Borrower will not be indebted to the Assignor. If any such indebtedness shall arise in the future, the Assignor will not assert, vis-a-vis the Assignee, that such indebtedness is secured by the Collateral.

2.2.4. Other than as set forth in the Documents, the Assignor has not promised to or advised any entity that the Obligations will not exceed a specified amount or made any other promise which would affect its rights under the Documents.

2.2.5. It has not received any notices that any third party asserts a purchase money security interest in the Borrower's inventory or any other Collateral.

2.3. The Assignor agrees to promptly:

2.3.1. If so requested by Assignee, notify all Borrower's account debtors who have been previously notified that payments in connection with the Borrower's accounts receivable are to be made to Assignor that, subsequent to the date hereof, all such payments are to be made to the Assignee rather than to the Assignor.

2.3.2. Pay to the Assignee, the proceeds of any of the Borrower's accounts receivable and all other funds of the Borrower received by Assignor on account of the Obligation or the Collateral subsequent to the date hereof.

2.4. The Assignor authorizes the Assignee to file Uniform Commercial Code amendments in order to assign the UCC Filings to Assignee.

3. **Miscellaneous**.

3.1. **Amendment**. Neither this Agreement nor any provisions hereof may be changed, waived, discharged or terminated, nor may any consent to the departure from the terms hereof be given, orally (even if supported by new consideration), but only by an instrument in writing signed by all parties to this Agreement. Any waiver or consent so given shall be effective only in the specific instance and for the specific purpose for which given.

3.2. **Choice of Law**. This Agreement and all transactions contemplated hereunder and/or evidenced hereby shall be governed by, construed under, and enforced in accordance with the internal laws of the State of New York.

3.3. **Successors and Assigns**. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

3.4. **Attorney's Fees**. In the event that either party finds it necessary to retain counsel in connection with the interpretation, defense, or enforcement of this agreement, the prevailing party shall recover its reasonable attorney's fees and expenses from the unsuccessful party. It shall be presumed (subject to rebuttal only by the introduction of competent evidence to the contrary) that the amount recoverable is the amount billed to the prevailing party by its counsel and that such amount will be reasonable if based on the billing rates charged to the prevailing party by its counsel

in similar matters. Assignee shall be the "prevailing party" if it recovers **any funds whatsoever** from Assignor, whether by settlement, judgment or otherwise.

  IN WITNESS WHEREOF the parties hereto have affixed their hands and seals on the day and year first above written.

Assignor:

                CROSSROADS FINANCING, LLC, a Connecticut limited liability company

                By: _____
                Name: Lee Haskin
                Title: CEO

Assignee:

                CROSSROADS FINANCIAL GROUP, LLC, a North Carolina limited liability company

                By: _____
                Name: Lee Haskin
                Title: CEO

## EXHIBIT A

1. Loan and Security Agreement, dated as of October 16, 2019, as amended from time to time

2. Landlord Waivers

    a. Hazelwood, MO

    b. West Columbia, SC

    c. Little Rock, AR

    d. Southaven, MS

    e. Memphis, TN

    f. Cheektowaga, NY

    g. North Charleston, SC

    h. Colonial Heights, VA

    i. Pittsburgh, PA

    j. Richmond, VA

    k. Syracuse, NY

    l. Niagara Falls, NY

    m. St. Louis, MO

    n. Fairview Heights, VA

3. Insurance Loss Payee

4. Personal Guaranty – Chris Prescott

5. Validity Guaranty – Jason Prescott

6. Validity Guaranty – Elena Kryvor

7. Note Payable Subordination – Chris Prescott

8. Note Payable Subordination – MPM

#57000391_v2

9. IP Agreement

10. Tradestyle Letter

11. Authorization to File Financing Statement

12. ACH Authorization Form

13. Borrowing Resolution

14. Supplier Agreements:

    a. Ashley Furniture

    b. Affordable

    c. Acme

    d. Symbol

15. Participation Agreements:

    a. Worthy Lending

    b. Haversine

    c. Gould

#57000391_v2

## **EXHIBIT B**

1. UCC #40000193816214, 0072019040150, 024721108, 1908283487602, 20193022746A, 201908286100027, 2019082800240, 1908280947049, 431179991, 1908293923 filed on or about August 29, 2019 with the Virginia, Tennessee, South Carolina, Pennsylvania, New York, Mississippi, Missouri, Illinois, Georgia, and Arkansas Secretary of State